Case 16-5272, Wilmer Payne v. Sevier County Tennessee Oral argument not to exceed 15 minutes per side Mr. Collins for the appellant Good morning. I reserve 3 minutes for rebuttal May it please the court If there's a central thesis of this case I think it's that while a county government is free To contract with private medical providers Or provide medical care to incarcerated persons In the county's custody Nothing, still nothing, absolves the county Of its obligation to ensure that the care being provided By its contracted medical provider Actually passes constitutional muster Well, you know, technically I don't know if that's actually quite true I mean, if the county delegates a degree of discretion To the provider and then the provider is simply negligent With respect to a particular individual That wouldn't amount to a policy of custody, right? Well, if it's simple negligence We wouldn't have a constitutional violation in the first place Well, okay, I mean, let's say they delegate Discretion to a provider The provider, in a particular instance, is deliberately indifferent But the county would not be liable Unless that instance is somehow a policy of custody, right? Well, I would agree that there has to be a policy of custody In that scenario, there would have to be a policy of custody Of the medical provider But my argument is that the county has a non-delegable duty To ensure that its inmates are getting necessary medical care For serious medical conditions So if it has a medical provider That has an unconstitutional policy of custody My argument is that the county has to I mean, it essentially steps into the shoes of that medical provider Because it has the non-delegable duty But I don't even need that in this case Do you have a case that says that? Yeah That the county steps in the shoes of? I would cite in Collette v. Prison Health Services This is an 11th Circuit decision 769 F. 2nd, 700 and 705 Do you know if a pre-court sort of disapproved that later? That holding? They may have addressed I don't believe they addressed this issue In fact, there's a district court decision Out of the Northern District of Ohio That essentially rules along these same lines But again, in this case I don't think we have to rely just on First Amendment medical contractors Deliberate indifference Because the county itself was deliberate indifference We don't need I don't think that the rule as I stated I believe that is the case But I don't think we need any kind of expansion on anything Because the county itself What were the facts that you point to To establish, to assert that the county itself Was deliberately indifferent? The grievance The grievance procedures, the grievance system Absolutely failed my client My client filed four grievances The first one he filed That was not just a negligent omission by the party I think the grievance coordinator Was overstressed, overworked, got busy Is that deliberate indifference? That's not an excuse in my book But let's look at the first grievance That Mr. Payne files On July 23rd, 2013 He says 44 days ago I filled out a medical slip for a toothache I was charged $5 without seeing anyone Since then my pain has intensified unbearably With headaches, nosebleeds, can't swallow or sleep I've asked two guards for a medical emergency at night No response Your medical staff says they do not do pain control No aspirin or ibuprofen The nurse said welcome to Sevier County Jail He goes on to say This gentleman I am in the care of Needs to look into this matter And hold liable who is responsible Now I think there's four critical points We can take away from just this first grievance The first is that Before you go too deep into that Instead of looking at the Counting of a particular grievance And verifying a number of grievances Don't we have to know what the Policy or procedure is with respect to grievances That makes the grievance policy defective That resulted in the harm So your client suffered And if that's so What's the custom or policy in relation to The grievance procedure that's problematic The problem is that The custodial side, the jail itself When they receive a medical grievance They forward it directly to the medical contractor Even when the grievance is against the medical contractor And not only do they forward it to the medical contractor They forward it to the very lowest level Of the nurse and staff Licensed practical nurses who are there So we have the fox card in the hen house Here he's complaining On that point As I read your brief I don't see your basis in the record For saying that's a policy across That is an actual First of all, it's not a written policy Right? I would agree with that Okay, so now you have to show it's a custom Correct Correct And we have lots of case law That says you cannot establish a custom Merely by pointing to the experience of one client Well, I think in this case You have a force And that's all you're pointing to Well, I'm also The county doesn't deny this Let's not You overlook the fact I understand that it's my burden to prove But how could any plaintiff prove that? I mean, other than doing discovery in other cases But in this case The grievances The county doesn't deny That when they receive the grievance That's what they do They say we give it to medical Well, you see the county doesn't deny The county hasn't said anything either way It's your burden to take discovery They have to give it to you You have to show that this is a custom And you can't establish a custom Merely by showing that your client Was mistreated As regrettable as that was And I don't think anybody's going to argue with you about that But you can't show a custom Based on your client's experience Particularly when the record in the case does show That the Lieutenant Lovelace Says on those occasions He was just too busy Well, I think that I think that the record demonstrates That not just the grievance per se I think the record demonstrates as a whole That the county is not placing First Med They are not looking into whether or not First Med is actually complying with this contract So these grievances, the very first one Gives Lieutenant Lovelace actual knowledge Actual notice in a way That hey, they're not fulfilling their contractual obligation The contract between First Med and Sevier County It says Excuse me First Med will provide a physician assistant Which in Tennessee is just a step below A physician, a prior nurse practitioner Who will visit the jail twice weekly to see inmates And that a licensed physician Would provide oversight There's no evidence of this It took Mr. Payne Well, it goes to the fact Customs and policy It goes to the fact that here Whatever label we choose to assign it At the end of the day The county, in this case, has knowledge That First Med is not complying with this contract And they do nothing about it I mean, we have It's three months in Three months in While my client is suffering from A progressive form of oral cancer It's three months before he's actually seen By any kind of professional medical provider Now, but then Timothy Thompson Even then, he doesn't do anything Nobody's doing anything Like I said, I don't think anybody's going to argue That this was regrettable And I understand that you've settled With the sort of immediate malfeasance And now the question is whether the county Which was not the immediate malfeasance Whether the county can be held liable And, you know, you've got to show customer policy Well, just, you know, the fact that your client Was treated badly is not customer policy Well, I think if we go You know, if you choose not to focus On the grievance procedure As the source of customer policy And you choose not to look at the totality Of everything here And don't see that the county Has knowledge of what's going on And they're not enforcing their own contract I think then you can easily You can still see that FirstMed Has an obvious policy and custom Of not providing proper professional medical care And that is on the county I mean, in other words A county could simply shrug off Its responsibilities for hiring a contractor And that's essentially what they're going to argue What they have argued And that just can't That's just not what the Eighth Amendment requires They have a non-delegate duty To ensure that these prisoners Are getting necessary medical care For serious medical conditions You know, we had another case Graham vs. County of Washtenaw You forgot that one It's a 2004 published opinion Where we said that the county's Practice of having licensed Practical nurses Be the first point of contact For, I guess, inmates It's not the policy that violated That was the moving force of the mistreatment I understand, Your Honor I'm familiar with that holding But we're not arguing that The problem is that there's no in As the first gatekeeper The problem is, and we're just the first There were the second, the third, the fourth The fifth At some point you have to have A professional in the area to Get in the way, if you ask Okay, so with the LPNs It would seem like the county Probably knows they're the first point of contact But unless The sheriff is in there Looking at What happens after that first contact What is First Med doing to follow up How quickly do they bring people in Sort of managing First Med Unless they're doing that They don't know if the LPN Is taking too long to bring somebody in They don't know if the LPN should be Referring the person out of the jail To go to a medical facility And so, I mean, how is it How is there a policy That actually did that wrong So how do they find that out Grievance procedure We have an expert with decades of Correctional health care experience How do you place this Grievance procedure And here From the very beginning Lieutenant Lode, the grievance officer Knows what's going on, he's doing nothing He could have gone in and checked Look, have you seen Mr. Thomason The physician says, have you seen this patient No Again, so So it sounds like You are almost arguing that That this action or inaction This sort of I guess deliberate blindness Or hands-off approach With respect to the contractor Constitutes some kind of Defective policy in your You seem to be saying that The grievance How the grievances were handled Really Sort of evidence of that fact That is precisely what I'm arguing And that's the amount All right Your honors, I am Norma Bradshaw And I represent Spivak County I'm going to be rather brief Because I agree with your decision In the Brigham case The Brigham case is very similar To this one The plaintiff has yet To point to A policy By the county That would allow deliberate indifference That would allow The prisoners not to have Adequate medical treatment Mr. Payne It sounds like From counsel's argument Is that the policy of the county Is basically to just go hands-off We've got a contractor And whatever they do, they do And if we don't know That's okay Is that the policy? That is not the policy Because the sheriff is the final decision maker And he is the one Who decides if that Service is going to be Continued or not So what is the policy With respect to grievances And the provision of medical care For those individuals who are in the custody And control of the county The policy Is to provide medical care To these inmates Through an independent service In the grievance procedure And the plaintiff didn't Go into the policies Or the customs Of the grievance procedure Lieutenant Loveday Even though there were grievances And he said he was too stressed Too busy to deal with them Passed the line Every grievance that was filed Such as September July 23rd Mr. Payne was seen July 24th The grievance on July 31st He was seen August 1st The grievance October 1st He was seen October 2nd Mr. Payne was seen 17 times By the medical staff Twice in July Five times in August Once by a dentist And of course We have to look at the policy And the provision of services Because this being seen That can't just be What it's all about There has to be a meaningful Provision of services In the being seen Having somebody And I know it's one of the facts Because it's really the policy or custom It's what we're really looking at I want you to be careful about the being seen Because in that six month period This person Who was there Wasn't getting any services He's basically talking about The adequacy of medical care Which was in that That he's substandard He had a lawsuit against Those health care providers He settled with those health care providers If First Man was negligently Managed That doesn't impute liability to the county The county did not know At that time That there was any type of negligence If there were any At that point They didn't know What steps did they take to become aware Of what their contractors were doing With respect to the individuals In their care and custody At that time I don't think it's in the record The sheriff met with The director of First Man To discuss these issues And how to change them With regard I still don't think that The plaintiff has shown any type of policy With regard to using The LBMs The cases say that You know the county Does have a Policy or procedure For providing medical care To the inmates Outside service You would agree with that Yes And okay Then what was The policy for providing For the provision of medical services Is it the contract Between the county And the medical provider Or What constitutes the Requirements Or the procedure for providing medical Service for the inmates The county had the policy Of deciding to employ Outside Healthcare providers rather than Employing its own Once they delegated the duty Of healthcare to the Inmates that then became First Man's policy As to how to Practice How to provide the medical treatment To the inmates What did you say became the policy The The policy of the county Was to employ an outside Healthcare provider There were certain contractual requirements Regarding the standard Of quality of care Provided Was there anything like that I don't think it was brought out In the contract But they relied on First Man to provide the medical care To provide medical care Until it came to the attention Of the county The county was unaware of anything That was wrong So there was no Requirements For the Pursuant to which The quality of care Had to be sustained In terms of medical care Provided to the inmates That wasn't Encompassed by an agreement Between the county and the Outside medical service The contract between First Man and the county I'm sure stated that First Man Was to provide medical Care to the Prisoners Is the contract Irreconcilable It is not All right I think that In the other cases It's been said that Official doesn't violate Individual civil rights Official refers to the expertise Of the medical professionals Mr. Payne Is trying to say that With the grievance procedure Lieutenant Loveday Knew that there was a serious medical condition Lieutenant Loveday As a layperson Had no idea about what condition this was And in fact The district court found this condition Didn't really arise As a serious medical condition Until September When the Physician's assistant Who has to sign off On all of the Nurses medical records Saw And ordered the cdc So it's still our position That Plaintiff cannot point to a policy Of deliberate Indifference To the county And the medical care And can't show That there was any constitutional Violation All right Thank you I would just say That The county Essentially Argues Has argued That its constitutional obligations Ended when it contracted the person And that it didn't have any Obligation to follow up To make sure the contract was being complied with That the First Amendment was actually providing Necessary medical care Had the county taken Payne's grievances seriously Lieutenant Loveday looked into it Had the county taken steps to ensure That the First Amendment was actually doing What it was contracted to do That That You really argue that the contract Established the policy About what you're Complaining about Did you Because as your Opposing counsel stated The contract's not even part of the record Well I think the contract summarized In Kathy Wiles' report Which is in the record 96-1 Towards the end of her report The key provisions there I think Are that this physician's System was supposed to be there twice a week And there's supposed to be a licensed physician Overseeing this whole operation Of course that didn't happen In your client's case That's correct But I think that If you look at the totality of this case If you look at all The county had knowledge of what was going on I mean if you look at what They tell him don't come to jail He's pleading with them You know we talk about I mean the sheriff would have to have knowledge The sheriff is the one that has to Be making a deliberate choice Under the Supreme Court's President Making a deliberate choice To have a policy or custom To harm your client Not Lieutenant Lovelace, not a guard in jail Well I think that an argument could certainly be made That as the grievance officer That what That responsibility was delegated to Lieutenant Lovelace I mean If that's where the medical grievances are going He's just turning them over to the LPNs The very culprits who are causing the problem I just You know If the county had done what it was supposed to do And kept a check on first year Mr. Payne Would not have suffered for the five months That he did And I think that he would not have had He would have had more treatment options When he finally got out He realized that when he actually Did get a diagnosis I mean It's like a 1.8 inch Tumor there That it's eroding Into the maxilla of his jaw And he has to Undergo a total Apoplexy So I mean I just don't see how The county's failure to intervene The failure to police These guys Was not the moving force Behind the injuries in this case And I thank you Thank you very much And the case is submitted